[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 411.]

TOLEDO BAR ASSOCIATION *v.* RITSON.

[Cite as *Toledo Bar Assn. v. Ritson*, 2002-Ohio-1047.]

*Attorneys at law—Misconduct—Public reprimand—Filing an action to recover medical insurance company's subrogation interest without its knowledge or permission.*

(No. 01-1879—Submitted December 12, 2001—Decided February 27, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-40.

_____

*Per Curiam.*

{¶ 1} On April 9, 2001, relator, Toledo Bar Association, filed a complaint charging respondent, Douglas J. Ritson of Toledo, Ohio, Attorney Registration No. 0060104, with several violations of the Code of Professional Responsibility. Respondent answered the complaint, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter. Based on the parties' stipulations, the panel found that respondent had violated DR 2-103(A) (a lawyer should not recommend his professional representation to a nonlawyer who has not sought his advice); 1-102(A)(5) (a lawyer should not engage in conduct prejudicial to the administration of justice) and (6) (a lawyer should not engage in conduct that adversely reflects on his fitness to practice law); and 6-101(A)(2) (a lawyer should not handle a legal matter without adequate preparation). The panel recommended that respondent be publicly reprimanded for his misconduct, and the board accepted this recommendation, as well as the panel's findings of fact and conclusions of law.

{¶ 2} We concur in the board's decision. Respondent stipulated that he committed the cited disciplinary infractions while assisting a client with the

administration of her late husband's estate. Respondent and the client agreed that he should attempt to obtain certain workers' compensation benefits made available because her husband had died after sustaining an industrial injury. In the course of this effort, respondent contacted the claims department of Paramount Health Care, which had paid medical bills on the husband's behalf, and inquired about representing the carrier in recovering these costs from the husband's former employer. Paramount did not request respondent's services. Respondent then filed an action, without Paramount Health Care's knowledge or permission, to recover its subrogation interest, notwithstanding that a contract between the employer and Paramount prohibited the carrier from bringing such an action against the employer.

{¶ 3} Respondent has never before been the subject of disciplinary action, and he cooperated fully in relator's investigation. He also submitted letters from clients and colleagues, all of whom described their confidence in and respect for his professional competence. In light of this mitigating evidence, we consider a public reprimand to be the appropriate sanction. Respondent is, therefore, publicly reprimanded for his violations of DR 2-103(A), 1-102(A)(5) and (6), and 6-101(A)(2).

{¶ 4} Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Harold M. Steinberg*, *C. William Bair* and *Jonathan B. Cherry*, for relator.
*James D. Caruso*, for respondent.

_____